**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-2551 & 09-3951
_____

GABER FARAG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-831-823)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2011

Before:  McKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: January 5, 2011 )
_____

OPINION
_____

PER CURIAM

        Gaber Farag petitions for review of two decisions of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petitions for review.

        Farag, a native of Egypt, entered the United States in 1997 as a visitor.  On

1

April 22, 2003, Farag was charged as removable for overstaying his admission period.

Farag conceded removability and applied for withholding of removal and relief under the

Convention Against Torture (CAT). Farag argued that he had been persecuted in Egypt

because he was a teacher who spoke to his students about world events. After a hearing,

an Immigration Judge (IJ) denied relief and ordered Farag removed to Egypt. On April

30, 2008, the BIA dismissed the appeal. Farag filed a petition for review which was

docketed at C.A. No. 08-2551.

On April 15, 2009, Farag filed a motion to reopen with the BIA. He argued that

his circumstances had changed because he was the beneficiary of an approved alien

relative petition with a current priority date. The BIA denied the motion as untimely. It

also concluded that Farag's eligibility for adjustment of status did not constitute an

exceptional situation that warranted sua sponte reopening. Farag filed a petition for

review which was docketed at No. 09-3951.

Motion to reopen

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of

a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d

Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is

"arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.

2002). An alien may file a motion to reopen with the BIA "within 90 days of the date of

entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i).

The BIA denied Farag's motion to reopen as untimely. While Farag discusses the merits of the motion to reopen, he fails to explain why his motion to reopen should have been considered timely. He does not argue that his motion was timely under any exception to the 90-day deadline. Farag's eligibility to adjust his status does not constitute an exception to the deadline for motions to reopen. Farag has not demonstrated that the BIA abused its discretion in denying his motion to reopen as untimely.

Withholding and CAT claim

To be eligible for withholding of removal, Farag must demonstrate that it is more likely than not that his life would be threatened in Egypt on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for relief under the Convention Against Torture, Farag must demonstrate that it is more likely than not that he would be tortured if removed to Egypt. 8 C.F.R. § 208.16(c)(2). We may not reverse the BIA's decision unless the record evidence would compel a reasonable fact-finder to conclude that Farag had met his burden. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Farag argues that he is certain he would be in imminent danger of torture if removed to Egypt because he is a member of the teaching profession and he altered his passport to leave Egypt. However, he points to no evidence in the record to support this contention. Farag states that because he tutored students and encouraged the discussion of topics other than mathematics in his classroom, he was threatened by school

3

administrators with a transfer to a remote rural school.  He asserts that this would result in a pay decrease and his being away from his family and that he could not survive under such threats.  In Li v. Attorney General, 400 F.3d 157, 168 (3d Cir. 2005), we held that "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution."  Here, there is nothing in the record to support Farag's claim that the possible pay decrease would threaten his life or freedom.[1]  The record does not compel, or even support, a finding that Farag will more likely than not be persecuted or tortured if removed to Egypt.

For the above reasons, we will deny the petitions for review.

---

1.    [1]

Farag also argues that he will be persecuted as a member of the social group consisting of teachers.  However, Farag never argued before the BIA that he was a member of a social group; thus, he has not exhausted his administrative remedies, and we lack jurisdiction over that claim.  See 8 U.S.C. § 1252(d)(1).

4